The PEOPLE of the State of Colorado, Plaintiff–Appellant

v.

Oscar NEVAREZ–ZAMBRANO, Defendant–Appellee.

No. 09SA56.

Supreme Court of Colorado, En Banc.

Jan. 11, 2010.

Kenneth R. Buck, District Attorney, Nineteenth Judicial District, Michael J. Rourke, Assistant District Attorney, Christian J. Schulte, Chief Deputy District Attorney, Greeley, CO, for Plaintiff–Appellant.

The Reisch Law Firm, LLC, R. Scott Reisch, Denver, CO, for Defendant–Appellee.

PER CURIAM.

The People filed criminal impersonation charges against defendant Oscar Nevarez–Zambrano in the Nineteenth Judicial District. Defendant subsequently filed a motion to change venue pursuant to section 18–1–202, C.R.S. (2009), arguing that venue was improper because neither the crime nor "any act in furtherance" of the crime occurred in the Nineteenth Judicial District. The trial court granted the motion and ordered that the case be transferred to the Thirteenth Judicial District. The People filed this interlocutory appeal, and we now affirm the trial court and remand the case for further proceedings.

In mid-October 2008, deputies with the Weld County Sheriff's Department executed a search warrant of Amalia's Translation and Tax Preparation Service ("Amalia's Tax Service") at 1501 9th Street in Greeley, Colorado. Greeley is in Weld County, which is located in the Nineteenth Judicial District. The warrant authorized a search for tax returns and supporting documentation that allegedly constituted evidence of identity theft and criminal impersonation. The deputies seized tax returns and supporting documentation used by Amalia's Tax Service to prepare certain tax filings. Among other documents, deputies seized the defendant's Internal Revenue Service 1040A Forms and accompanying W–2 Wage and Tax Statements.

The District Attorney for the Nineteenth Judicial District charged the defendant with criminal impersonation. *See* § 18–5–113, C.R.S. (2009).[1] As alleged in the charging document, (1) the W–2 statements show that the defendant earned wages from various employers in Yuma, Colorado, which is located in the Thirteenth Judicial District; (2) the defendant earned the wages using a social security number that was later determined to be fictitious; (3) the 1040A Forms indicate that the defendant sought a refund of the amount of wages his employers had overwithheld; and (4) the defendant filed his tax forms with the assistance of Amalia's Tax Service.

The defendant filed a motion to change venue from the Nineteenth Judicial District to the Thirteenth Judicial District. In granting the motion, the trial court found that the defendant earned wages under a false social security number entirely in Yuma County; that the only evidence connecting the case to the Nineteenth Judicial District were the W–2 statements used by the defendant to prepare his 1040A Forms; and that the filing of the 1040A forms was not an act in furtherance of the crime of criminal impersonation. Accordingly, the trial court determined that the People had failed to demonstrate that an act in furtherance of the crime occurred in Greeley, and the case was transferred to the Thirteenth Judicial District. The People now challenge the trial court's change of venue pursuant to sections 16–12–102(2) and 18–1–202(11), C.R.S. (2009).

Section 18–1–202(1) provides that criminal actions may be tried in any county "where an act in furtherance of the offense occurred." In this case, the People allege that the defendant committed "an act in furtherance" of the crime of criminal impersonation in the Nineteenth Judicial District by filing his tax returns with the assistance of Amalia's Tax

---

1. The defendant was also initially charged with identity theft, but that charge was subsequently dismissed.

Service, located in Greeley. More specifically, the People argue that in filing his tax returns, the defendant "knowingly assumed a false or fictitious capacity" (that is, used a fictitious social security number) to "unlawfully gain a benefit" for himself (that is, a tax refund). *See generally* § 18–5–113(1)(e) (defining the crime of criminal impersonation as "knowingly assum[ing] a false or fictitious identity or capacity," and, while using that "identity or capacity," doing "any other act with intent to unlawfully gain a benefit for [one]self").

In *People v. Gutierrez*, 222 P.3d 925, 930 n.4 (Colo. 2009), this court determined that "[t]he filing of a federal tax return reporting the past possible misuse of a social security number to comply with federal law requiring the reporting of taxable income and the payment of federal taxes does not constitute a crime." Based on this reasoning, this court further concluded that the crime of criminal impersonation stemming from the alleged use of a fictitious social security number to earn income is "fully completed" prior to the filing of any tax returns. *Id.* Applying the holding of *Gutierrez* to the case before us, we find that the defendant would have "fully completed" the alleged crime of criminal impersonation prior to the filing of any tax returns. The defendant's alleged filing of the tax returns in Greeley therefore could not constitute an act in furtherance of the crime of criminal impersonation. We thus agree with the trial court's conclusion that the People failed to demonstrate that the defendant committed an act in furtherance of the crime of criminal impersonation in the Nineteenth Judicial District. Accordingly, we affirm the trial court's transfer of the case to the Thirteenth Judicial District, and remand the case for further proceedings.